**CHARLES H. DEVOE, OSB No. 932531**
E-mail:  chuck@khpatent.com
**THOMAS J. ROMANO, OSB No. 053661**
E-mail:  tromano@khpatent.com
**KOLISCH HARTWELL, P.C.**
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  (503) 224-6655
Facsimile:  (503) 972-9115

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **B.C. Marketing Concepts, Inc. dba FULL SAIL BREWING COMPANY**<br><br>Plaintiff,<br><br>v.<br><br>**THE SESSIONS LAW FIRM, LLC,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER 15 U.S.C. § 1125**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff B. C. Marketing Concepts, Inc., d.b.a. Full Sail Brewing Company ("FULL SAIL"), alleges, based on actual knowledge with respect to FULL SAIL and FULL SAIL's acts, and on information and belief with respect to other matters, as follows:

### NATURE OF THE CASE

1. This is a civil action pursuant to 15 U.S.C. § 1125 for Trademark Infringement and Trademark Dilution, among other causes.

2. FULL SAIL seeks relief for violations of federal, state, and common law related to trademark infringement, unfair competition, dilution, trademark disparagement, product disparagement, and tortious interference with contractual relations.

3. FULL SAIL brings this lawsuit to protect the substantial good will that it has developed since at least as early as 2005 in its distinctive and famous mark SESSION and related marks, for beer.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

5. The court has supplemental jurisdiction over FULL SAIL's state law claims under 28 U.S.C. § 1367.

6. The defendant has been marketing services on the Internet using counterfeit versions of FULL SAIL's marks, intentionally within this district; and the defendant has been publishing information on the Internet and on single-container to-go bags for beer, diluting, defaming, and disparaging FULL SAIL's marks; knowing the injury and harm stemming from these communications would occur in Oregon, and the defendant is therefore subject to personal jurisdiction in this district.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the defendant may be found or transact affairs in this district and the claims alleged arose and are continuing to occur in this district.

## THE PARTIES

8.      Plaintiff B. C. Marketing, Inc. is a corporation organized and existing under the laws of the state of Oregon, and has a principal place of business at 506 Columbia Street, Hood River, Oregon 97031. Plaintiff does business as Full Sail Brewing Company.

9.      Defendant The Sessions Law Firm, LLC ("SESSIONS") is a Georgia limited liability company having a registered Principal Office Address at 2370 Colonial Drive, Atlanta, Georgia 30319, a business address at 1447 Peachtree Street, NE, Suite 530, Atlanta, Georgia 30309; and an Internet website at http://www.sessionsduilaw.com/.

## FEDERAL TRADEMARK REGISTRATIONS

10.    Plaintiff FULL SAIL owns registered U.S. Trademark Registration Nos. 3,113,041; 4,224,510; 4,224,511; 4,265,584; 4,265,585; 4,265,586; and 4,395,125.

| Registered Mark | US Trademark Reg. No. |
|---|---|
| *Session* (logo in hexagon) | 4,224,510 |
| (hexagon design) | 4,395,125 |
| *Session* | 4,224,511 |
| SESSION | 3,113,041 |
| SESSION FEST | 4,265,584 |
| SESSION LAGER | 4,265,585 |
| SESSION BLACK | 4,265,586 |

Page 3 – COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER 15 U.S.C. § 1125
         CASE NO.

11. U.S. Trademark Registration No. 3,113,041 is shown in Exhibit 1, along with a copy of renewal information, for the mark SESSION for use on beer.

12. U.S. Trademark Registration No. 4,224,510 is shown in Exhibit 2, for the mark SESSION & Design for use on beer.

13. U.S. Trademark Registration No. 4,224,511 is shown in Exhibit 3, for the mark SESSION (Stylized) for use on beer.

14. U.S. Trademark Registration No. 4,265,584 is shown in Exhibit 4, for the mark SESSION FEST for use on beer.

15. U.S. Trademark Registration No. 4,265,585 is shown in Exhibit 5, for the mark SESSION LAGER for use on beer.

16. U.S. Trademark Registration No. 4,265,586 is shown in Exhibit 6, for the mark SESSION BLACK for use on beer.

17. U.S. Trademark Registration No. 4,395,125 is shown in Exhibit 7, for a design mark for use on beer.

**FACTUAL BACKGROUND**

18.     Since at least as early as 2005, FULL SAIL has been continuously engaged in selling and offering to sell beer under the distinctive trademark SESSION, as well as related designs showing the word SESSION inside a distinctive shield logo, using a distinctive font, often with a red background and with a grey outline. Various commercial examples are shown collectively in Exhibit 8.



19.     SESSIONS markets and sells services to beer drinkers on the Internet, as shown collectively in Exhibit 9, under one or more marks including the word SESSIONS inside FULL SAIL's distinctive shield logo, distinctive font, red background and grey outline.



20.     SESSIONS markets and sells services to beer drinkers, as shown in Exhibit 10, by printing advertising on a paper bag designed and distributed for the express purpose of holding a can or bottle of beer, under one or more marks including the word

Page 5 –  COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER 15 U.S.C. § 1125
            CASE NO.

SESSIONS inside FULL SAIL's distinctive shield logo, using FULL SAIL's distinctive font and grey outline.



21.  SESSIONS creates a direct and malicious connection between FULL SAIL's goods, namely beer, and DUI (Driving Under the Influence), through use of the marks shown above and in Exhibits 9 and 10.

22.  The good will and reputation for quality that FULL SAIL has worked so hard to cultivate has been threatened by SESSIONS' actions.

23.  SESSIONS has used and continues to use the marks shown above and in Exhibits 9 and 10 to sell services to many of the same consumer markets served by FULL SAIL.

24.  Unless SESSIONS is enjoined from using any of the marks shown above and in Exhibits 9 and 10, such use will continue to cause consumer confusion and will continue to cause irreparable harm to FULL SAIL.

25. This action seeks injunctive relief, damages, and other appropriate relief arising from SESSIONS' willful acts of trademark infringement, unfair competition, and dilution.

## COUNT 1: FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

26. FULL SAIL repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. SESSIONS has no license or authority from FULL SAIL to use the SESSION marks.

28. The marks shown above and in Exhibits 9 and 10 are confusingly similar to Plaintiff's SESSION marks.

29. By reason of the foregoing, SESSIONS is using the marks shown above and in Exhibits 9 and 10 in connection with the sale, offering for sale, distribution, and advertising of services in commerce in a manner likely to cause confusion, mistake, or deception.

30. By reason of the foregoing, SESSIONS has violated sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. §§ 1114(1) and 1125(a)).

31. Plaintiff's SESSION marks are inherently distinctive as applied to FULL SAIL's goods that bear those marks.

32. Notwithstanding FULL SAIL's established rights, SESSIONS adopted and used the confusingly similar marks shown above and in Exhibits 9 and 10 in interstate commerce in connection with the sale and offering for sale of services.

33. SESSIONS promotes its services in some of the same channels, and to some of the same consumers as does FULL SAIL.

34. Without FULL SAIL's consent, SESSIONS has used the marks shown above and in Exhibits 9 and 10 in connection with the sale, offering for sale, distribution, or advertising of its services.

35. SESSIONS has engaged in this infringing activity despite having actual knowledge of FULL SAIL's use of the SESSION marks.

36. SESSIONS's actions are likely to lead the public to conclude incorrectly that its services originate with or are authorized by FULL SAIL, which will damage both FULL SAIL and the public.

37. SESSIONS' actions are intended to enrich SESSIONS.

38. SESSIONS has advertised and offered its services for sale using the marks shown above and in Exhibits 9 and 10 with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on FULL SAIL's reputation and good will.

39. SESSIONS' unauthorized use of the marks shown above and in Exhibits 9 and 10 in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) and is likely to cause consumer confusion, mistake, or deception.

40. SESSIONS' unauthorized marketing and sale of its services in interstate commerce using the marks shown above and in Exhibits 9 and 10 constitutes use of a false designation of origin or false representation that wrongfully and falsely designates SESSIONS' services as originating from or connected with FULL SAIL, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. §§ 1114(1) and 1125(a).

41. As a direct and proximate result of SESSIONS' trademark infringement and acts of unfair competition, FULL SAIL has suffered irreparable harm to its business and reputation, and also has suffered and continues to suffer damages in an amount to be determined by the trier of fact.

42. As a direct and proximate result of SESSIONS' trademark infringement and acts of unfair competition, SESSIONS has unjustly profited from those acts.

43. SESSIONS' trademark infringement and acts of unfair competition will cause further irreparable injury to FULL SAIL if SESSIONS is not restrained by this Court from further violation of FULL SAIL's rights.

44. FULL SAIL has no adequate remedy at law.

45. SESSIONS' activities have caused confusion or are likely to cause confusion among FULL SAIL's customers and potential customers.

46. SESSIONS' activities are deliberate and willful.

### COUNT 2: FEDERAL TRADEMARK DILUTION

47. FULL SAIL repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

48. FULL SAIL's SESSION marks are famous and distinctive and are entitled to protection against dilution by blurring or tarnishment.

49. SESSIONS commenced use of the marks shown above and in Exhibits 9 and 10 in commerce after FULL SAIL's SESSION marks had become famous and distinctive.

50. By using the SESSION name and marks in connection with services for DUI consultations in which consumers are deceived as to the nature of the services provided, and the origin of those services, SESSIONS has injured and will continue to

injure FULL SAIL's business reputation, has tarnished the distinctive quality of FULL SAIL's famous SESSION marks, and has lessened the capacity of FULL SAIL's famous SESSION marks to identify and distinguish FULL SAIL's goods and services, in violation of 15 U.S.C. § 1125(c).

51. As a result of SESSIONS' tarnishment of FULL SAIL's famous SESSION marks, FULL SAIL has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by FULL SAIL in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which FULL SAIL has no adequate remedy at law. FULL SAIL will continue to suffer irreparable harm unless this Court enjoins SESSIONS' conduct.

### **COUNT 3: STATE LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION**

52. FULL SAIL repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

53. SESSIONS' use of the marks shown above and in Exhibits 9 and 10 for its services constitutes infringement of FULL SAIL's common law SESSION marks, under the laws of Oregon and Georgia.

54. SESSIONS' use of the marks shown above and in Exhibits 9 and 10 for its services constitutes unfair competition under the laws of Oregon and Georgia.

55. SESSIONS' use of the marks shown above and in Exhibits 9 and 10 for its services constitutes dilution of the distinctive quality of FULL SAIL's registered and common law SESSION marks.

56. As a result of SESSIONS' tarnishment of FULL SAIL's famous SESSION marks, FULL SAIL has suffered substantial damages, as well as the continuing loss of the

goodwill and reputation established by FULL SAIL in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which FULL SAIL has no adequate remedy at law. FULL SAIL will continue to suffer irreparable harm unless this Court enjoins SESSIONS' conduct.

### COUNT 4: STATE LAW PRODUCT DISPARAGEMENT AND TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

57. FULL SAIL repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

58. SESSIONS' use of the marks shown above and in Exhibits 9 and 10 for its services, intentionally and with actual malice, disparage FULL SAIL's beer by falsely implying that FULL SAIL's SESSION beer is directly and harmfully connected to DUI, also known as driving under the influence of alcohol, a serious traffic offense in both Georgia and Oregon.

59. SESSIONS' uses the SESSION logo on single-container to-go bags designed for open container consumption of beer, as shown above, below, and in Exhibit 10.




60. FULL SAIL has been notified by at least one of its contractual business partners, located in the Pacific Northwest, that the use of the SESSION logo on the single-container to-go bags shown above and in Exhibit 10, is of concern.

Page 11 – COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER 15 U.S.C. § 1125
     CASE NO.

61. SESSIONS' use of the marks shown above and in Exhibits 9 and 10, in connection with the word "DUI" is an intentional and unjustified interference with FULL SAIL's business relationships by SESSIONS which may cause a breach of those business relationships and may cause consequential damages.

### PRAYER FOR RELIEF

In view of the foregoing, plaintiff FULL SAIL respectfully requests that this Court grant relief as follows:

A.    That, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, SESSIONS, its officers, agents, servants, employees, attorneys, successors, and/or assigns, and all other persons in active concert or participation with any of them be preliminarily and permanently enjoined from (1) using the words SESSION or SESSIONS in connection with any diamond shape, or any outlined shield, or the color red, or a cursive font and (2) continuing any and all acts of unfair competition as herein alleged.

B.    That SESSIONS be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1118, to recall from all retailers and distributors and to deliver up for impounding all goods or materials bearing the words the words SESSION or SESSIONS in connection with any diamond shape, or any outlined shield, or the color red, or a cursive font.

C.    That, pursuant to 15 U.S.C. § 1116(a), SESSIONS be required to file with the Court and serve on FULL SAIL within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which SESSIONS has complied with the injunction.

D.      That, pursuant to 15 U.S.C. § 1117, FULL SAIL be awarded up to three times SESSIONS's profits or FULL SAIL's damages, in an amount to be determined at trial, together with prejudgment interest.

E.      That FULL SAIL be awarded its damages pursuant to the laws of Oregon and Georgia, and the common law.

F.      That this be declared to be an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, and that FULL SAIL be awarded its reasonable attorneys' fees and full costs.

G.      That FULL SAIL be awarded any other remedy to which it may be entitled pursuant to the Federal, Oregon, and Georgia statutory and common law.

H.      For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff FULL SAIL hereby demands a trial by jury.

DATED July 8, 2014.

>   Respectfully submitted,
>
>   KOLISCH HARTWELL, P.C.
>
>   By   s/ Charles H. DeVoe
>   CHARLES H. DEVOE, OSB No. 932531
>   E-mail:  chuck@khpatent.com
>   520 S.W. Yamhill Street, Suite 200
>   Portland, Oregon  97204
>   Telephone:  (503) 224-6655
>   Facsimile:  (503) 972-9115
>   *Of Attorneys for Plaintiff*

Page 13 – COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER 15 U.S.C. § 1125
        CASE NO.